**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CYNTHIA R. BERG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-601-ALM-KPJ** |
| | § | |
| **THE REGENT and HUNTER** | § | |
| **WARFIELD,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636(c). As set forth below, the Court finds Plaintiff Cynthia R. Berg's ("Plaintiff") claims against Defendants The Regent and Hunter Warfield (collectively, "Defendants") should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

June 26, 2023, Plaintiff filed the General Complaint (the "Complaint") (Dkt. 1) against Defendants. *See* Dkt. 1. In the Complaint (Dkt. 1), Plaintiff alleges that Defendants overcharged her $949.00 in rent. *Id.* at 4. Plaintiff further alleges that Defendants' independent contractor splattered beige paint on her vehicle, causing $1,699.30 in damages. *Id.* at 4–5. Plaintiff alleges no facts supporting the Court's jurisdiction over this matter.

On September 6, 2023, the Court issued an Order (Dkt. 4) noting the apparent lack of jurisdiction. *See* Dkt. 4 at 1–2. Accordingly, the Court ordered Plaintiff to file a status report explaining the basis for the Court's jurisdiction no later than fourteen (14) days after receiving service of the Order (Dkt. 4). *Id.* at 2. The Court further advised Plaintiff that failure to file a status

1

report or otherwise act will result in the Court recommending this matter be dismissed without prejudice. *Id.*

On September 6, 2023, the Clerk's Office mailed a copy of the Order (Dkt. 4) to Plaintiff. Two months later, on November 6, 2023, the mailed Order (Dkt. 4) was returned marked "RETURN TO SENDER – VACANT – UNABLE TO FORWARD." *See* Dkt. 5. Plaintiff is responsible for keeping the Clerk's Office advised in writing of her current physical address. *See* Loc. R. CV-11.

To date, Plaintiff has not contacted the Clerk's Office or otherwise taken any action in this matter. It is, therefore, recommended that Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE** for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 8th day of November, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE